MOORE, J.,
for the Court:
¶ 1. A jury found Appellant David Clark guilty of felony shoplifting. The Sunflower County Circuit Court sentenced Clark to five years imprisonment under the custody and control of the Mississippi Department of Corrections and ordered him to pay $450 in court costs and a $1,000 fine. Aggrieved, Clark cites the following issue on appeal
THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE STATE FAILED TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT.
Finding no error, we affirm.
I. FACTS
¶ 2. On October 6, 1997, Marilyn Yates, a cashier at the Junior Food Mart in Drew, Mississippi, observed David Clark take four packages of cigarettes from a store display. Yates then observed Clark retreat into the store’s bathroom. When Clark exited the bathroom, he walked out of the store without paying for the cigarettes. After notifying the store manager of what she had observed, Yates and the manager went into the bathroom to determine whether Clark left the cigarettes in there. They did not see the cigarettes. They also did not see the cigarettes in the areas of the store in which Clark had been seen. They discovered that four packs of cigarettes were missing from inventory. A customer that was in the store at the time told Yates that he went into the bathroom and observed Clark stuffing the cigarette packs into his pants.[1] Yates notified the police.
¶ 3. Officer Edward Lucas, a patrolman for the Drew Police Department, was called to the scene. Yates identified Clark as the perpetrator of the crime. One month after the shoplifting, Officer Lucas saw Clark going to the Unique Social Club, a local tavern. Officer Lucas, who was off duty at the time, used his cellular telephone to notify the police officers who were on duty that he had spotted Clark. When two officers arrived at the club, Officer Lucas went to the back door and the two officers went through the- front door of the club. Clark fled approximately three blocks and jumped two fences before the officers were able to apprehend him. The officers had to spray him with mace to subdue him and take him into custody. Before being told why he was being arrested, Clark stated: “I done took care of that business. I, you know, talked to the manager. We’re supposed to had [sic] that under control.” Officer Lucas testified that it took them a month to apprehend Clark because he was “ducking and dodging” the police because he knew there was a warrant for his arrest. Officer Lucas also testified and offered documentary evidence that Clark had previously been twice convicted of shoplifting. The jury found Clark guilty of felony shoplifting.
LAW AND ANALYSIS
WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND DID THE STATE FAIL TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT?
¶ 4. Clark argues that the testimony of Yates and Officer Lucas is not sufficient to support his conviction. Sufficiency questions are raised in motions for directed verdict and also in JNOV motions. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In determining whether the trial *1049 court erred in failing to grant a directed verdict or JNOV, all credible evidence consistent with Clark’s guilt must be accepted as true, and the State must be given the benefit of all favorable inferences that maybe reasonably drawn from the evidence. Id. “We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 5. Yates saw Clark take the cigarettes. Officer Lucas testified that Clark fled his arresting officers and that Clark made a statement, before Clark was notified of the charges against him, that he “took care of that business” with the manager. This evidence was highly credible and was challenged only by Clark’s self-serving testimony that he did not take the cigarettes and his accusation that Officer Lucas was lying. Clark did not dispute the documentary evidence that he had been convicted of shoplifting twice before. Giving the State the benefit of all favorable inferences that can be drawn from this credible evidence, we cannot say that reasonable and fair minded jurors could only return a verdict of not guilty of felony shoplifting. Thus, the evidence was legally sufficient to support Clark’s guilt beyond a reasonable doubt.
¶ 6. Clark also argues that the verdict was against the overwhelming weight of the evidence, an issue challenged in a motion for new trial. The decision to grant or deny such motion is discretionary with the trial court. McClain, 625 So.2d at 781. The trial court should grant a new trial motion only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. Wetz, 503 So.2d at 812. In reviewing the trial court’s denial of a new trial motion, we must accept as true all evidence favorable to the State, and we may not reverse absent an abuse of discretion. McClain, 625 So.2d at 781. Accepting as true Yates’s eyewitness testimony and Officer Lucas’s testimony, which favors the State, we find that the verdict was not against the overwhelming weight of the evidence and the trial court did not abuse its discretion in denying the motion for new trial.
¶ 7. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION FOR FELONY SHOPLIFTING, SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $1,000 IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.

. Clark did not object to this hearsay testimony, nor did he raise admission of such as an issue on appeal.